**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **WILLIAM P. RAMEY, III AND RAMEY LLP,** | § § § | |
| *Plaintiffs*, | § § § | |
| vs. | § § | **CIVIL ACTION NO. 4:26-cv-01462** |
| **JONATHAN STROUD; UNIFIED PATENTS, LLC; BLOOMBERG L.P.; AND RPX CORPORATION,** | § § § § § | |
| *Defendants*. | § § | |

### UNIFIED PATENTS, LLC AND JONATHAN STROUD'S
### MOTION TO DECLARE TDMA REQUEST INSUFFICIENT AND UNTIMELY

**HOLLAND & KNIGHT LLP**

Cindy A. Gierhart
Cindy.Gierhart@hklaw.com

800 17th Street N.W., Suite 1100
Washington, D.C. 20006
(202) 469-5416 Telephone
(202) 955.5564 Facsimile
Attorney in Charge (*Admitted Pro Hac Vice*)

Brandon L. King
Texas Bar No. 24100613
S.D. Bar No. 3436665
Brandon.King@hklaw.com

98 San Jacinto Blvd., Suite 1900
Austin, Texas 78701
(512) 469-6126 Telephone
(512) 472-7473 Facsimile

Agnes Doyle
Texas Bar No. 24084423
S.D. Bar No. 2545474
Agnes.Doyle@hklaw.com

811 Main Street, Suite 2500
Houston, Texas 77002
(713) 244-6886 Telephone
(713) 821-7001 Facsimile

Subject to and without waiver of Defendants Unified Patents, LLC ("**Unified**") and Jonathan Stroud's ("**Stroud**") (collectively "**Defendants**") Motion to Dismiss (Dkt. 33), Defendants file this motion to declare as untimely and insufficient the retraction request sent by Plaintiffs William P. Ramey, III ("**Ramey**") and Ramey LLP (collectively, "**Plaintiffs**"), pursuant to the Texas Defamation Mitigation Act ("**TDMA**"). In support, Defendants respectfully state as follows:

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs filed the present lawsuit on February 23, 2026, against Unified, Stroud, Bloomberg, L.P., and RPX Corporation, alleging defamation, business disparagement, tortious interference with existing and prospective business relations, unfair competition, and civil conspiracy. Dkt. 1. All Defendants filed motions to dismiss the complaint on May 6, 2026. Dkt. 30 (RPX Corp.), Dkt. 32 (Bloomberg), Dkt. 33 (Unified and Stroud). Unified and Stroud submit the present motion subject to and without waiver of their motion to dismiss and respectfully submit that this motion shall become moot if their pending motion to dismiss is granted.

## II.    STATEMENT OF THE ISSUES, LEGAL STANDARD

Unified and Stroud file the present motion to declare as untimely and insufficient the retraction request sent by Plaintiffs to Unified and Stroud under the TDMA, thus barring Plaintiffs' recovery of exemplary damages against Unified and Stroud.

The TDMA provides that a person may maintain a defamation action only if "the person has made a timely and sufficient request for a correction, clarification, or retraction from the defendant" or the defendant has made a correction. Tex. Civ. Prac. & Rem. Code § 73.055(a). "A request for a correction, clarification, or retraction is timely if made during the period of limitation for commencement of an action for defamation." *Id.* § 73.055(b). A request is "sufficient" if it is:

(1) is served on the publisher;

(2) is made in writing, reasonably identifies the person making the request, and is signed by the individual claiming to have been defamed or by the person's authorized attorney or agent;

(3) states with particularity the statement alleged to be false and defamatory and, to the extent known, the time and place of publication;

(4) alleges the defamatory meaning of the statement; and

(5) specifies the circumstances causing a defamatory meaning of the statement if it arises from something other than the express language of the publication.

*Id.* § 73.055(d).

"If not later than the 90th day after receiving knowledge of the publication, the person does not request a correction, clarification, or retraction, the person may not recover exemplary damages." *Id.* § 73.055(c); *see also Su v. Gaya Won, LLC*, No. CIVIL ACTION H-23-3215, 2024 WL 5301787, at *21 (S.D. Tex. Dec. 23, 2024), *report and recommendation adopted*, No. CIVIL ACTION H-23-3215, 2025 WL 50261 (S.D. Tex. Jan. 7, 2025) ("The appropriate remedy for failure to timely provide a sufficient request is … loss of exemplary damages."). "If a defendant intends to challenge the sufficiency or timeliness of a request for a correction, clarification, or retraction, the defendant must state the challenge in a motion to declare the request insufficient or untimely served not later than the 60th day after the date of service of the citation." Tex. Civ. Prac. & Rem. Code § 73.058(c). Plaintiffs indicated that Unified was served on March 16, 2026, and Stroud was served on March 25, 2026. Dkts. 7, 11.

### III.    FACTUAL BACKGROUND

On January 23, 2026, Plaintiffs, through counsel, sent a letter with the subject "Request for Correction, Clarification, or Retraction Pursuant to TX CIV PRAC & REM § 73.055" to Defendant Unified Patents, LLC ("**Retraction Request**"). The Retraction Request is attached as **Exhibit 1**. The letter requests removal of three statements appearing in a blog post written by Defendant

Jonathan Stroud, published on the website patentprogress.org on November 15, 2022 ("Stroud Blog"). Ex. 1. The letter makes no reference to any other statements, articles, or publications. *Id.*

Unified Patents, through counsel, responded on February 10, 2026, denying all allegations both on the merits and based on statute of limitations grounds, and informing Plaintiffs their retraction request was untimely under the TDMA. Defendants' response to the Retraction Request is attached as **Exhibit 2**. Plaintiffs sent no further communications to Defendants and, instead, filed the present lawsuit on February 23, 2026 ("Lawsuit"). Dkt. 1.

The Lawsuit alleges claims against Defendants based not only on the Stroud Blog, but also on an amicus brief filed by Unified Patents on August 20, 2024, and LinkedIn Posts authored by Stroud in early 2025. Plaintiffs never sent Defendants a retraction request for any statements made in the amicus brief or LinkedIn posts.

## IV.    ARGUMENT

### A.  Plaintiffs' Retraction Request Is Untimely.

A retraction request is timely only if made during the statute of limitations period for a defamation action. Tex. Civ. Prac. & Rem. Code § 73.055(b). The statute of limitations period for defamation in Texas is one year. *Tu Nguyen v. Duy Tu Hoang*, 318 F. Supp. 3d 983, 1011 (S.D. Tex. 2018). Defamation claims arising out of statements made on a website or in mass media accrue on the date of publication. *Id.*; *see also Sorcic v. Int'l Ass'n for Fin. Plan.*, 814 F. Supp. 27, 28 (S.D. Tex. 1992).

The Stroud Blog was published on November 15, 2022. *See* Dkt. 1, Ex. D. The amicus brief was filed on August 20, 2024. *See* Dkt. 1, Ex. E. Plaintiffs sent their retraction request on January 23, 2026, well after the statute of limitations period for both the Stroud Blog and the amicus brief. *See* Ex. 1. The request for these two publications is therefore untimely under the TDMA, and Plaintiffs may not seek exemplary damages for any claims arising out of the Stroud

4

Blog or amicus brief, if such claims survive Defendants' motion to dismiss.[1] *See* Tex. Civ. Prac. & Rem. Code § 73.055(c); *Su*, 2024 WL 5301787, at *21.

Additionally, the TDMA provides that if Plaintiffs do not request a retraction within 90 days after receiving knowledge of the publication, Plaintiffs may not recover exemplary damages. Tex. Civ. Prac. & Rem. Code § 73.055(c). Stroud's LinkedIn Posts were published between March and April 2025. *See* Dkt. 1, Ex. F.[2] Plaintiffs sent their retraction request on January 23, 2026, long after the 90 days expired. *See* Ex. 1. Therefore, Plaintiffs also may not seek exemplary damages for any claims arising out of the LinkedIn Posts, if such claims survive Defendants' motion to dismiss.

### B. Plaintiffs' Retraction Request Is Insufficient.

Furthermore, Plaintiffs' Retraction Request did not satisfy the requirements of the TDMA, at least as to the amicus brief and LinkedIn posts. Namely, the TDMA requires that the request state "with particularity the statement alleged to be false and defamatory," the time and place of publication, the defamatory meaning of the statement, and "the circumstances causing a defamatory meaning of the statement if it arises from something other than the express language of the publication." Tex. Civ. Prac. & Rem. Code § 73.055(d)(3). Plaintiffs failed to identify the amicus brief and LinkedIn posts *at all* and therefore did not identify any statements within those publications with particularity, nor did Plaintiffs identify the defamatory meaning or circumstances causing a defamatory meaning. *See* Ex. 1. Plaintiffs' Retraction Request is therefore insufficient under the TDMA as to the amicus brief and LinkedIn posts, and Plaintiffs should be barred from recovering exemplary damages for any claims arising out of Defendants' amicus brief and

---

[1] Defendants filed a 12(b)(6) motion for dismissal of all claims against Stroud and Unified Patents based, in part, on statute of limitations grounds, as well as failure to state a claim. *See* Dkt. 33.
[2] LinkedIn does not provide exact dates of its posts; however, Plaintiffs' Exhibit F to their Complaint was printed on January 23, 2026 and, at that time, the posts were nine and ten months old. *See* Dkt. 1, Ex. F.

LinkedIn posts. *See Duff v. Bewley*, No. 1:20-CV-375-RP, 2020 WL 10313694, at *3 (W.D. Tex. Dec. 15, 2020) (dismissing claims for exemplary damages for any statements that were not identified in the retraction request).

## V.    CONCLUSION

Because Plaintiffs' Retraction Request was untimely and insufficient, and for all of the reasons stated herein, Defendants Stroud and Unified Patents respectfully request that Plaintiffs be barred from recovering exemplary damages against them, if any claims survive Defendants' pending motion to dismiss.

Dated: May 15, 2026.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

By: */s/ Cindy A. Gierhart*
 Cindy A. Gierhart
 Cindy.Gierhart@hklaw.com
 800 17th Street N.W., Suite 1100
 Washington, D.C. 20006
 (202) 469-5416 Telephone
 (202) 955.5564 Facsimile
 ***Attorney in Charge*** *(Admitted Pro Hac Vice)*

 Brandon L. King
 Texas Bar No. 24100613
 S.D. Bar No. 3436665
 Brandon.King@hklaw.com
 98 San Jacinto Blvd., Suite 1900
 Austin, Texas 78701
 (512) 469-6126 Telephone
 (512) 472-7473 Facsimile

 Agnes Doyle
 Texas Bar No. 24084423
 S.D. Bar No. 2545474
 Agnes.Doyle@hklaw.com
 811 Main Street, Suite 2500

Houston, Texas 77002
(713) 244-6886 Telephone
(713) 821-7001 Facsimile

**COUNSEL FOR DEFENDANT UNIFIED PATENTS, LLC AND JONATHAN STROUD**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with all parties' counsel via email on May 14 and 15, 2026. Counsel for Defendants Bloomberg and RPX Corp. indicated these Defendants do not oppose the present motion. At the time of filing this Motion, Plaintiff's counsel had not responded to provide Plaintiff's position.

/s/ Cindy A. Gierhart
Cindy A. Gierhart


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was provided to all counsel of record in accordance with the Federal Rules of Civil Procedure on May 15, 2026.

/s/ Brandon L. King
Brandon L. King

8