# Exhibit 1



Andrew C. Stebbins
astebbins@bdblaw.com
d: 216.736.4233 • df: 216.736.4233

January 23, 2026

**<u>Sent Via Federal Express and Email</u>**
Unified Patents, LLC
4445 Willard Avenue, Suite 600
Chevy Chase, MD 20815
info@unifiedpatents.com
legal@unifiedpatents.com

> **Re:** **Request for Correction, Clarification, or Retraction Pursuant to TX CIV PRAC & REM § 73.055**
>
> **<u>My Client</u>: William Ramey, III and Ramey, LLP**

To Whom It May Concern:

This Firm has been retained as counsel for William Ramey, III ("Mr. Ramey") and Ramey, LLP (collectively "Ramey") with respect to the false and materially misleading article titled, "With frivolous NPE patent suits clogging courts, counsel's diligence and ethics suffer,"[1] that was published by Jonathan Stroud in his capacity as general counsel for Unified Patents, LLC, on the website patentprogress.org on November 15, 2022 ("False and Misleading Article.")

This False and Misleading Article is part of a coordinated online smear campaign, led by Mr. Stroud, and carried out by Unified Patents; RPX; Patent Progress, a project created by the Computer & Communications Industry Association; and Bloomberg Law to eliminate Ramey, as a competitor in the patent litigation sphere.

The following statements are contained in the False and Misleading Article:

- "He has filed over 300 suits this year alone (through October), almost exclusively in the Western District of Texas's Waco division; in the past ten years, he's filed thousands."

- "A former drunk-driving billboard defense lawyer, he's moved into Waco and is driving the heavy filings there."

---

[1] https://patentprogress.org/2022/11/with-frivolous-npe-patent-suits-clogging-courts-counsels-diligence-and-ethics-suffer/

Buckingham, Doolittle & Burroughs, LLC
p: 216.621.5300 f: 216.621.5440 tf: 1.888.843.2825
1375 E. 9th Street, Suite 1700 • Cleveland, OH 44114 • bdblaw.com

- Mr. Ramey is part of a "cottage industry" of file-and-settle NPE practices that, "if taken to the extreme (as some have), is bound to violate ethical and court rules," and "just a handful of lawyers are willing to risk it."

(collectively "Statements.)  These Statements, presented as factual assertions, are false and/or misleading for the following reasons:

- **"Drunk-driving billboard defense lawyer."** Mr. Ramey was never a "drunk-driving billboard defense lawyer." He has not operated a billboard-based DWI or personal-injury advertising practice. Mr. Stroud had no factual basis for this claim. It is not couched as hyperbole or metaphor; it is written as a descriptive fact intended to ridicule and diminish Mr. Ramey by associating him with a stigmatized, low-brow advertising practice that he has never engaged in.

- **"Thousands" of cases.** At the time of the False and Misleading Article, Mr. Ramey had not "filed thousands" of patent cases over the prior ten years. While Mr. Ramey has filed a significant number of cases, the "thousands" figure is a gross exaggeration. Public docket records will show that the true number was substantially less than "thousands."

- **Ethics accusations.** Mr. Stroud argues that Mr. Ramey "literally do[es] not have the time to conduct reasonable pre-suit diligence on even a fraction of [his] filings" and labels Mr. Ramey as "Exhibit A" of a practice "bound to violate ethical and court rules." This argument is presented as a factual indictment of Mr. Ramey's ethics and diligence, not a mere opinion about patent litigation generally.

Pursuant to Section 73.055 of the Texas Civil Practice and Remedies Code, we are demanding that you (1) immediately cease and desist from making any further defamatory statements regarding Mr. Ramey or his law firm, Ramey, LLP; (2) immediately remove each and every online publication published by Unified Patents, LLC, or any of its personnel acting in their capacity as an employee for Unified Patents, LLC, regarding Mr. Ramey and/or Ramey, LLP; (3) enter into an agreement not to publish any further disparaging content referring to or regarding Mr. Ramey and Ramey, LLP; and (4) publish an immediate retraction regarding the False and Misleading Article.

Pursuant to Section 73.057(a)(1) of the Texas Civil Practice and Remedies Code, "[a] correction, clarification, or retraction is timely if it is made not later than the 30th day after receipt of: the request for the correction, clarification, or retraction."

January 23, 2026
Page | 3

We are hopeful that you will voluntarily comply with this request to avoid unnecessary expense and potential litigation. **This demand requires a response by no later than February 6, 2026.** If you are represented by legal counsel, please direct this letter to your attorney and ask that they notify us of such representation. If you are agreeable to the above terms, we will present a settlement agreement for your execution.

Very truly yours,

Andrew C. Stebbins