# Exhibit 2

# Holland & Knight

98 San Jacinto Blvd., Suite 1900 | Austin, TX 78701-4238 | T 512.472.1081 | F 512.472.7473
Holland & Knight LLP | www.hklaw.com

Brandon L. King
+1 512.469-6126
Brandon.King@hklaw.com

February 10, 2026

*Via E-mail [astebbins@bdblaw.com]*

Andrew C. Stebbins
Buckingham, Doolittle & Burroughs, LLC
1375 East 9th Street
Suite 1700
Cleveland, Ohio 44114

> **Re:    William Ramey, III and Ramey, LLP – Request for Correction, Clarification, or Retraction Pursuant to Tex. Civ. Prac. & Rem. Code § 73.055**

Dear Mr. Stebbins:

Holland & Knight LLP represents Unified Patents, LLC ("**Unified Patents**"), and hereby responds to your January 23, 2026 letter ("**Letter**") demanding that Unified Patents take certain actions, including retraction, regarding the November 15, 2022 article ("**Article**") published on patentprogress.org.

Unified Patents will not take any of the actions identified in your letter. Any purported defamation claim is time barred under Texas's one-year limitations period.[1] Indeed, any such claim accrued on November 15, 2022—the Article's publication date—and no tolling doctrine applies.[2] Your retraction request is similarly untimely as it was not made within the limitations period.[3]

---

[1] Tex. Civ. Prac. & Rem. Code § 16.002*; DeWitt v. Trinity Logistics*, No. 4:25-CV-00560-O-BP, 2026 WL 229994, at *10 (N.D. Tex. Jan. 5, 2026); *Holloway v. Butler*, 662 S.W.2d 688, 693 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Williamson v. New Times, Inc.*, 980 S.W.2d 706, 710 (Tex. App.—Fort Worth 1998, no pet.); *Patterson v. T.V. Channel 25 Broad. Station*, 489 S.W.3d 589, 592 (Tex. App.—Texarkana 2016, no pet.).

[2] *Williamson*, 980 S.W.2d at 710 ("Under this rule, a libel or slander action accrues, for statute of limitations purposes, upon 'publication.'"); *Holloway*, 662 S.W.2d at 693 ("refus[ing] to apply the discovery rule where an allegedly defamatory statement is disseminated via the mass media").

[3] *Chabot v. Frazier*, No. 05-24-01272-CV, 2025 WL 2164002, at *11 (Tex. App.—Dallas July 30, 2025, pet. filed) ("A request under the Defamation Mitigation Act is timely if it is made during the limitations period.") (citing Tex. Civ. Prac. & Rem. Code § 73.055(b)).

Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Fort Worth | Houston
Jacksonville | Los Angeles | Miami | New York | Orange County | Orlando | Philadelphia | Portland
Richmond | San Francisco | Stamford | Tallahassee | Tampa | Tysons | Washington, D.C. | West Palm Beach

Algiers | Bogotá | London | Mexico City | Monterrey

February 10, 2026
Page 2

The Letter is also substantively deficient. The Article's "gist"[4]—that Mr. Ramey is one of several attorneys known for voluminous, shotgun patent filings—is not only substantially true but has been confirmed by subsequent judicial opinions and articles. *See* David Thomas, *Legal Fee Tracker: Sanctions pile up for Texas patent lawyer,* REUTERS (Aug. 22, 2024) ("A Houston-based patent lawyer who has filed more than 100 lawsuits this year alone is on the hook for Volkswagen's legal bills after a federal judge dismissed his client's lawsuit against the German automaker, marking the latest in a series of sanctions against him or his clients for litigation misconduct"); Joe Mullin, *Stupid Patent of the Month: Traxcell Tech Gets Ordered to Pay Attorneys' Fees* (March 31, 2013) ("What's more, the lawyer representing the patent owner, William Ramey, has been ordered to pay attorneys' fees no fewer than five times in recent years."); Lauren Castle, *Patent Lawyer Must Get Court's OK Before Filing New Suits (2)* (Dec. 18, 2025) ("Judges across the country have granted, fully or partially, more than 20 requests for sanctions and attorneys' fees against the namesake attorney, his firm, and/or clients."). Judge Rosenthal's 2024 sanction order noted your client took "frivolous and objectively unreasonable" positions, asserted "flawed" legal theories, and "made sloppy errors, over and over." *VDPP, LLC v. Volkswagen Group of Am., Inc.*, No. CV H-23-2961, 2024 WL 3378456, at *3 (S.D. Tex. July 11, 2024). Crucially, Judge Rosenthal noted your client's propensity for repeat litigation and history of sanctionable conduct, including but not limited to "deficient pre suit investigations." *Id.*

For this reason, the second and third statements you contest are not actionable. Even if Mr. Ramey had not filed "thousands" of cases when the Article was published, that would not render the Article defamatory because the "gist" remains substantially true, and it is true today—indeed, the law "overlooks minor inaccuracies and concentrates upon substantial truth." *Masson v. New Yorker Mag., Inc.*, 501 U.S. 496, 516 (1991); *KHOU-TV, Inc. v. Status Lounge Inc.*, 639 S.W.3d 752, 758 (Tex. App.—Houston [14th Dist.] 2021, no pet.) ("[E]rrors in the details do not render the articles substantially untrue because minor inaccuracies do not amount to falsity so long as the gist or 'sting' of the story is correctly conveyed."); *see Immanuel v. Cable News Network, Inc.*, 618 F. Supp. 3d 557, 563 (S.D. Tex. 2022) ("But those deviations are slight and do not make the statements defamatory.").

Nor is the "billboard" reference actionable as it is not reasonably capable of a defamatory meaning. "A statement is defamatory 'if it tends to injure a person's reputation and thereby expose the person to public hatred, contempt, ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation.'" *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (quoting *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015)). Nothing in that statement implicates any of these concerns.

---

[4] "'Gist' refers to a publication or broadcast's main theme, central idea, thesis, or essence." *Dall. Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 629 (Tex. 2018).

February 10, 2026
Page 3


Unified Patents denies any and all wrongdoing and reserves all rights and remedies available to it under the law. If necessary, Unified Patents will aggressively defend any litigation, whether via dismissal or Texas's anti-SLAPP statute, and will seek all available fees.


Sincerely yours,

Holland & Knight LLP

Cynthia A. Gierhart
Brandon L. King