UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM P. RAMEY, III AND RAMEY LLP, | § § § | |
| *Plaintiffs*, | § § § | |
| vs. | § § § | CIVIL ACTION NO. 4:26-cv-01462 |
| JONATHAN STROUD; UNIFIED PATENTS, LLC; BLOOMBERG L.P.; AND RPX CORPORATION, | § § § § | |
| *Defendants*. | § § | |

## <u>UNIFIED PATENTS, LLC AND JONATHAN STROUD'S</u>
## <u>REPLY IN SUPPORT OF MOTION TO DECLARE TDMA REQUEST</u>
## <u>INSUFFICIENT AND UNTIMELY</u>

**HOLLAND & KNIGHT LLP**

Cynthia A. Gierhart
Cindy.Gierhart@hklaw.com

800 17th Street N.W., Suite 1100
Washington, D.C. 20006
(202) 469-5416 Telephone
(202) 955.5564 Facsimile
Attorney in Charge (*Admitted Pro Hac Vice*)

Brandon L. King
Texas Bar No. 24100613
S.D. Bar No. 3436665
Brandon.King@hklaw.com

98 San Jacinto Blvd., Suite 1900
Austin, Texas 78701
(512) 469-6126 Telephone
(512) 472-7473 Facsimile

Agnes Doyle
Texas Bar No. 24084423
S.D. Bar No. 2545474
Agnes.Doyle@hklaw.com

811 Main Street, Suite 2500
Houston, Texas 77002
(713) 244-6886 Telephone
(713) 821-7001 Facsimile

Subject to and without waiver of Unified Patents, LLC ("Unified") and Jonathan Stroud's ("Stroud") (collectively "Defendants") Motion to Dismiss, Defendants respectfully submit this reply in support of their motion to declare as untimely and insufficient the retraction request sent by Plaintiffs William P. Ramey, III ("Ramey") and Ramey LLP (collectively, "Plaintiffs"), pursuant to the Texas Defamation Mitigation Act ("TDMA") (Dkt. 38).

## I.    INTRODUCTION

Plaintiffs admit their retraction request was not timely with respect to Defendants' November 15, 2022 blog post on PatentProgress.org ("Blog Post") and LinkedIn posts. *See* Dkt. 41, at 2 ("Plaintiffs candidly acknowledge that their January 23, 2026 retraction letter was not sent within ninety days of their June 2025 knowledge of [the Blog Post and LinkedIn Posts]."). Plaintiffs argue their retraction request *would* have been timely as to the Amicus Brief – *if* they had sent a retraction request as to the Amicus Brief. But they did not. They argue only that if the retraction request is "read against [the] backdrop" of a "coordinated campaign" of statements made in different media for different purposes, years apart, then the Court can essentially infer that unidentified statements could be incorporated. Dkt. 41, at 10-11. But that is not what the TDMA requires. The TDMA requires, *inter alia*, that the retraction request "states with particularity the statement alleged to be false and defamatory and, to the extent known, the time and place of publication." Tex. Civ. Prac. & Rem. Code § 73.055(d). Plaintiffs made no mention of the Amicus Brief or LinkedIn Posts, quoted no statements from the Amicus Brief or LinkedIn Posts, did not provide the time and place of publication, or any other information required under the statute regarding the Amicus Brief or LinkedIn Posts. Therefore, based on the undisputed facts presented in Plaintiffs' own Opposition and Declaration, Plaintiffs cannot obtain exemplary damages against Unified and Stroud for any of the statements made in the Blog Post, LinkedIn posts, or Amicus Brief because they are either untimely, or insufficient, or both.

That being said, Defendants agree the Court may hold in abeyance its ruling on this motion until after the motions to dismiss are decided, as there are clear grounds to dismiss Plaintiffs' claims in their entirety against the Defendants. Defendants filed the present Motion because they were required to do so within 60 days of service of the complaint, if they wanted to preserve their challenge of the retraction request. *See* Tex. Civ. Prac. & Rem. Code § 73.058(c). But if Defendants' motion to dismiss is granted, Unified and Stroud will be dismissed, and this motion will become moot.

## II.    ARGUMENT

As an initial matter, Section IV(A) of the Opposition, explaining that the TDMA does not provide relief beyond the loss of exemplary damages, is unnecessary. *See* Dkt. 41, at 4-6. Defendants' TDMA Motion plainly seeks an order barring Plaintiffs from recovering exemplary damages against Unified and Stroud, and nothing more. *See* Dkt. 38, at 6; 38-4 (proposed order).

The remaining arguments in Plaintiffs' Opposition only serve to bolster the conclusion that Plaintiffs' retraction request was untimely and insufficient, and Defendants' TDMA Motion should therefore be granted.

### A.  Plaintiffs' Retraction Request Is Untimely.

1. Blog Post and LinkedIn Posts

Every fact needed to prove the retraction request was untimely, particularly as to the Blog Post and LinkedIn Posts, can be found in Ramey's declaration. Ramey testified that he became aware of the Blog Post and LinkedIn Posts in June 2025. Dkt. 41-1, ¶¶ 4, 6. Ramey further testified that Plaintiffs, through counsel, sent a retraction request to Unified and Stroud as to the Blog Post only on January 23, 2026, roughly seven months later. *Id.* ¶ 7; *see also* Dkt. 38-1 (retraction letter). The TDMA provides that, if the plaintiff does not send the retraction request within 90 days of receiving knowledge of the publication, the plaintiff is barred from recovering exemplary

3

damages. Tex. Civ. Prac. & Rem. Code § 73.055(c). Thus, by Ramey's own testimony, it is undisputed that Plaintiffs did not submit a timely retraction request as to the Blog Post or LinkedIn Posts, and Plaintiffs may not recover exemplary damages for at least the statements made in the Blog Post and LinkedIn Posts.

Plaintiffs remaining arguments cannot change these facts. The claim that Defendants applied "the wrong statutory trigger" is not correct, and regardless, does not negate the admission by Plaintiffs that their retraction request was untimely. Defendants correctly identified in their TDMA Motion that "if Plaintiffs do not request a retraction within 90 days after receiving knowledge of the publication, Plaintiffs may not recover exemplary damages." *See* Dkt. 38, at 5 (citing Tex. Civ. Prac. & Rem. Code § 73.055(c)). Of course, Defendants could not know when Plaintiffs had knowledge of the publications when filing their Motion, so they did not include the date Plaintiffs had knowledge of the publications. But Plaintiffs then supplied the date they had knowledge of the publications in their response, and by doing so conclusively established their retraction request was untimely.

Plaintiffs' arguments that a decision on the TDMA Motion is premature because it requires answers to "fact-dependent questions" that "cannot be resolved now" is perplexing and unavailing. Dkt. 41, at 9. Plaintiffs claim there is an unanswered question of when Plaintiffs received knowledge of the publications, but Plaintiffs definitively answered that question in Ramey's declaration. *See* Dkt. 41-1. Further, the supposedly unanswered question of the "continuing publication" and "public accessibility of the Blog Post and the LinkedIn Posts" is irrelevant. Dkt. 41, at 9. Ramey testified that "the Blog Post and LinkedIn Posts have remained publicly viewable online, and accessible to readers, from the time of their original posting through the present." Dkt. 41-1. Thus, Ramey admits that the posts have been publicly available and discoverable from their

original date of publication, and this is not actually a disputed fact. Regardless, Plaintiffs' admission that they had knowledge of the Blog Post and LinkedIn Posts in June 2025 is dispositive of the timeliness issue as to those two publications.[1]

Further, the TDMA Motion is not premature because the TDMA required that Defendants file the motion within 60 days of receiving service of the complaint. Tex. Civ. Prac. & Rem. Code § 73.058(c). If the legislature intended resolution to wait until a full factual record had been developed, it would have provided a later deadline.

2.  Amicus Brief

Plaintiffs claim they became aware of an August 20, 2024 amicus brief in late November 2025 ("Amicus Brief"). Dkt. 41, at 8; Dkt. 41-1, ¶ 6. Plaintiffs argue that their knowledge of the amicus brief necessarily falls within the 90 days of the January 23, 2026 retraction request. Dkt. 41, at 8. But, the retraction request did not mention the Amicus Brief. *See* Dkt. 38-1. Therefore, no retraction request was made as to the Amicus Brief within the requisite 90 days of Plaintiffs' admitted knowledge of the Amicus Brief, and Plaintiffs may not recover exemplary damages as to the Amicus Brief.

### B.  Plaintiffs' Retraction Request Is Insufficient.

Plaintiffs argue the retraction request cannot be insufficient if no request was made. Dkt. 41, at 10. They also argue that they do not need to send a "discretely captioned letter for every

---

[1] The TDMA also defines "timely" submission of a retraction request as being sent within the statute of limitations period. Tex. Civ. Prac. & Rem. Code § 73.055(b). As detailed in Defendants' Motion to Dismiss [Dkt. 33] and the present Motion [Dkt. 38], all claims arising out of the Blog Post and Amicus Brief are barred by the statute of limitations, and the January 2026 retraction request likewise was not sent within the one-year limitations period for the 2022 Blog Post or August 2024 Amicus Brief. *See* Dkt. 38. Ramey's declaration admits the Blog Post and LinkedIn posts have been publicly available since their original publication, and courts in this district routinely hold that claims arising out of statements made in mass media or publicly on the Internet accrue upon the date of publication. Dkt. 41-1, ¶ 8; *Tu Nguyen v. Duy Tu Hoang*, 318 F. Supp. 3d 983, 1011 (S.D. Tex. 2018); *Sorcic v. Int'l Ass'n for Fin. Plan.*, 814 F. Supp. 27, 28 (S.D. Tex. 1992). Thus, claims arising out of the Blog Post and Amicus Brief are untimely under the TDMA – but more importantly they are also barred by the statute of limitations and subject to dismissal pursuant to Defendants' Motion to Dismiss. Thus, to the extent claims arising out of the Blog Post and Amicus Brief are dismissed, the Court need not reach a determination as to their timeliness under the TDMA.

publication." *Id.* Defendants never suggested Plaintiffs needed to send separate letters, and Plaintiffs cannot escape the sufficiency requirements under the TDMA by not sending any retraction request for certain statements.[2] A request is "sufficient" under the TDMA if it, *inter alia*, "states with particularity the statement alleged to be false and defamatory and, to the extent known, the time and place of publication," as well as alleges the defamatory meaning and provides circumstances causing a defamatory meaning. Dkt. 38, at 2-3 (citing Tex. Civ. Prac. & Rem. Code § 73.055(d)). Plaintiffs' retraction request did not identify any statements alleged to be defamatory in the LinkedIn Posts or Amicus Brief. *See* Dkt. 38-1. It was therefore insufficient as to the LinkedIn Posts and Amicus Brief, because it did not, among other deficiencies, "state[] with particularity the statement alleged to be false and defamatory." Tex. Civ. Prac. & Rem. Code § 73.055(d).

Plaintiffs' claims that all of the statements are collectively part of a "coordinated campaign" cannot circumvent the plain language of the statute. Dkt. 41, at 10-11. One letter identifying certain statements made in a 2022 Blog Post could not possibly put Defendants on notice that Plaintiffs also sought retraction for entirely different statements in a 2024 judicial document (Amicus Brief) and 2025 LinkedIn Posts, made in different media, for different purposes, published years apart. *See Duff v. Bewley*, No. 1:20-CV-375-RP, 2020 WL 10313694, at *3 (W.D. Tex. Dec. 15, 2020) (barring exemplary damages for any statements that were not identified in the retraction request).[3] Because the retraction request did not identify the Amicus Brief or LinkedIn Post statements at all, the request was insufficient as to those statements.

---

[2] The TDMA provides a separate abatement proceeding for a defendant challenging a plaintiff's failure to send any retraction request at all, for any statements. *See* Tex. Civ. Prac. & Rem. Code § 73.062. However, given that Plaintiffs in this case did send a retraction request, but that request failed to identify with particularity all statements alleged to be defamatory, Defendants challenge the request as insufficient under Section 73.055.

[3] *Duff v. Bewley* was previously provided to the Court at Dkt. 38-3, at Tab 1.

## III.  CONCLUSION

Defendants Stroud and Unified agree with Plaintiffs that it would promote judicial efficiency to hold a ruling on this motion in abeyance pending the outcome of Defendants' Motion to Dismiss, as Defendants believe there are strong grounds for dismissing all claims against Stroud and Unified. If any claims survive Defendants' pending Motion to Dismiss, Defendants respectfully request that Plaintiffs be barred from recovering exemplary damages against Stroud and Unified, for all the reasons stated herein and in Defendants' TDMA Motion.

Dated: June 2, 2026.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

By: */s/ Cynthia A. Gierhart*
    Cynthia A. Gierhart
    Cindy.Gierhart@hklaw.com
    800 17th Street N.W., Suite 1100
    Washington, D.C. 20006
    (202) 469-5416 Telephone
    (202) 955.5564 Facsimile
    *Attorney in Charge (Admitted Pro Hac Vice)*

    Brandon L. King
    Texas Bar No. 24100613
    S.D. Bar No. 3436665
    Brandon.King@hklaw.com
    98 San Jacinto Blvd., Suite 1900
    Austin, Texas 78701
    (512) 469-6126 Telephone
    (512) 472-7473 Facsimile

    Agnes Doyle
    Texas Bar No. 24084423
    S.D. Bar No. 2545474
    Agnes.Doyle@hklaw.com
    811 Main Street, Suite 2500
    Houston, Texas 77002
    (713) 244-6886 Telephone
    (713) 821-7001 Facsimile

7

8

**COUNSEL FOR DEFENDANTS UNIFIED PATENTS, LLC AND JONATHAN STROUD**

9

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing was provided to all counsel of

record in accordance with the Federal Rules of Civil Procedure on June 2, 2026.

*/s/ Cynthia A. Gierhart*
Cynthia A. Gierhart

9