United States District Court
Southern District of Texas
**ENTERED**
November 17, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM P RAMEY, III, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-01462 |
| | § | |
| JONATHAN STROUD, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

Pending before the Court are three separate motions to dismiss: the first, filed by defendant: RPX Corporation ("RPX") pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1), 12(b)(2) and 12(b)(6) (DE 30); the second, filed by defendant Bloomberg L.P. ("Bloomberg") pursuant to FRCP 12(b)(6) (DE 32); and lastly, filed jointly by defendants Unified Patents and Jonathan Stroud (collectively "Unified Patents") pursuant to FRCP 12(b)(6) (DE 33). The plaintiffs, William P Ramey, III and Ramey LLP (collectively "Ramey"), have filed responses to the defendants' motions. (DEs 44, 45, and 46), and the defendants have filed replies. (DEs 52, 53, and 54). After reviewing the motions, the responses, the replies, the pleadings, the relevant exhibits, and the applicable law, the Court determines that each of the defendants' motions should be granted.

## II. FACTUAL BACKGROUND

This is a defamation case. Ramey brings this action against RPX Corporation, Bloomberg, and Unified Patents, concerning separate publications written about him and his Firm. RPX,

Bloomberg, and Unified Patents are news organizations that, among other news, reports on patent litigation. In 2025, RPX published an article about Ramey and the Firm. The publication stated, among other things, that a federal court in California had sanctioned Ramey for engaging in the unauthorized practice of law. In subsequent publications, RPX, stated that Ramey and the Firm had "filed more than 300 patent cases," in which numerous federal judges had granted sanctions in the form of shifting fees against him and his Firm as a result of his continuing activities.

Earlier, in 2024, Bloomberg published an article concerning the same or similar conduct in court proceedings involving Ramey and his Firm. Bloomberg reported that Ramey and his Firm were questioned concerning his efforts to continue practicing law in California without a license. A subsequent publication by Bloomberg, referenced the number of filings by Ramey and his Firm, and that federal judges had "admonished Ramey for filing frivolous lawsuits and motions."

As these publications circulated, Ramey became aware of several LinkedIn posts written by Stroud of Unified Patents, that according to Ramey, were damaging to his reputation. These LinkedIn posts described Ramey as unethical and a prolific litigant.

## III. CONTENTIONS OF THE PARTIES

### A. The Plaintiffs' Contentions

Ramey alleges that, collectively, all of the defendants' publications are false and lack candor. He contends that the publications create a narrative that he is unethical. Ramey also contends that, collectively, the defendants are aware of his business relationships, clients, co-counsel, and investors, and published the articles for the sole purpose of damaging his ability to practice law and obtain future business.

Ramey also alleges that, collectively, the defendants conspired to publish the articles, as the publications build from the previous one, by sharing a common narrative about him. Lastly,

Ramey contends that the defendants knowingly agreed to submit these publications in an effort to drive him out of business.

B. <u>The Defendants' Contentions</u>

RPX argues that Ramey's pleadings fail to establish that the Court has subject-matter jurisdiction. It further contends that this Court lacks personal jurisdiction over it because it is not a resident of Texas, and Ramey's pleadings fail to present any wrongdoing by RPX that occurred in Texas that would satisfy the minimum contacts necessary for the Court to exercise jurisdiction over it.

Collectively, all the defendants contend that Ramey's lawsuit should be dismissed pursuant to FRCP 12(b)(6) for failing to state a claim. They contend that their publications are "protected opinion" and convey an accurate narrative. Moreover, they argue that Ramey has admitted that there is not a single sentence in any of their publications that is false, proving that this lawsuit should fail as a matter of law, along with its derivative tort claims. Bloomberg and Unified Patents additionally argue that Ramey's lawsuit is time-barred by the appropriate Statute of Limitations.

## IV. STANDARD OF REVIEW

Federal Rules of Civil Procedure 12(b)(1) allow a party to challenge the subject-matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1) Lack of subject-matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States,* I74 F.3d 657, 659 (5th Cir. 1996). "Federal courts are courts of limited jurisdiction, and absent

jurisdiction conferred by statute, [Courts] lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 152 (5th Cir. 1998).

## V. ANALYSIS & DISCUSSION

The Court determines that it lacks subject-matter jurisdiction over this case. Ramey has failed to adequately plead the citizenship of the Firm, Bloomberg, and Unified Patents. *See* 28 U.S.C. § 1332. For purposes of diversity jurisdiction, LLCs, LLPs, and LPs are treated alike. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990)). However, their citizenship is determined by each of its members or partners. *Id.* Ramey, as the party invoking federal jurisdiction, bears the burden of establishing that jurisdiction exists. *Storey Mountain, L.L.C. v. JPMorgan Chase Bank, N.A.,* 159 F.4th 294, 295 (5th Cir. 2025). Ramey has conceded that he failed to adequately plead the citizenship of the Firm, Bloomberg and Unified Patents. Therefore, the Court lacks subject-matter jurisdiction, and this lawsuit must be dismissed. Fed. R. Civ. P. 12(h)(3). In light of this determination, the Court will not address RPX's motion to dismiss under FRCP 12(b)(2) and 12(b)(6), or the separate FRCP 12(b)(6) motions filed by Bloomberg and Unified Patents'.

## VI. CONCLUSION

Based on the foregoing analysis and discussion, the collective defendants' motions to dismiss are **GRANTED** for lack of subject-matter jurisdiction.

It is so **ORDERED**.

SIGNED on November 16, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge